UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHERYL STRANGE, *et al.*,<br><br>　　　　　　　　　Defendants. | CASE NO. C23-790-JHC-SKV<br><br>REPORT AND RECOMMENDATION |

Plaintiff Joseph Littlefield[1] is currently incarcerated at the Monroe Correctional Complex ("MCC") in Monroe, Washington.  Plaintiff has submitted to this Court for filing a civil rights complaint under 42 U.S.C. §§ 1983 and 1985, and an application to proceed with this action *in forma pauperis* ("IFP").  Dkts. 5, 5-1.  Plaintiff identifies six claims for relief in her proposed amended complaint, against 69 Defendants.  *See* Dkt. 5-1.  Defendants are officials and employees at the MCC, officials and employees at Washington Department of Corrections ("DOC") headquarters, and two employees at the Washington State Penitentiary in Walla Walla, Washington.  *See id*. at 3-13.

---

[1] Plaintiff indicates in her proposed amended complaint (Dkt. 5-1) that she identifies as female, and the Court therefore uses female gender pronouns in referring to her throughout this Order.

REPORT AND RECOMMENDATION
PAGE - 1

1	Plaintiff first alleges in her proposed amended complaint that Defendants participated in a conspiracy to violate her civil rights, giving rise to a cause of action under 42 U.S.C. § 1985. Dkt. 5-1 at 16-27.  Plaintiff goes on to allege that Defendants violated her Fourth Amendment right to be free from unreasonable searches and seizures (*id*. at 28-34), her First Amendment right to freedom of speech and to petition the government for redress of grievances (*id.* at 35-39), her First Amendment right to be free from retaliation for engaging in protected conduct (*id*. at 40-45), and her Fourteenth Amendment right to due process and equal protection (*id*. at 50-54.) Finally, Plaintiff alleges a state law claim of intentional infliction of emotional distress. *Id*. at 46-49.  Plaintiff seeks declaratory and injunctive relief, and damages.  *Id*. at 55-56.

Plaintiff's proposed amended complaint is deficient in various respects, but the Court need not address the specific deficiencies unless and until Plaintiff satisfies the filing fee requirement.  As noted above, Plaintiff has submitted an application to proceed with this action IFP.  Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed IFP in a civil action if he or she has, on three or more prior occasions, brought civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  A review of Plaintiff's litigation activities in this District reveals that she has filed nine actions in this District, including the instant action, and has accumulated multiple "strikes" under § 1915(g).  In particular, Plaintiff has brought five cases that were dismissed for failure to state a claim.  *See Littlefield v. Doe*, Case No. C21-388-JLR; *Littlefield v. Boe*, Case No. C21-5296-JLR; *Littlefield v. Unknown Named Agents*, Case No. C21-5302-JHC; *Littlefield v. Anderson*, Case No. C21-5426-RSL; and *Littlefield v. Fithian*, Case No. C21-5453-RSM.

REPORT AND RECOMMENDATION
PAGE - 2

Because Plaintiff has accumulated at least three strikes, she may not proceed with this action without prepayment of the full filing fee unless she shows that she was "under imminent danger of serious physical injury" at the time her complaint was filed. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception requires a prisoner allege a danger which is "'ready to take place' or 'hanging threateningly over one's head.'" *Id*. at 1056 (internal citations omitted).

Plaintiff does not allege in her proposed amended complaint that she is in imminent danger of serious physical injury, and the facts alleged by Plaintiff therein do not suggest that any such danger existed at the time she filed this action. In a proposed motion for preliminary injunctive relief filed by Plaintiff subsequent to the filing of her proposed amended complaint, Plaintiff claims she is in imminent danger of bodily harm (*see* Dkt. 6 at 2), though her claim is somewhat unclear. Plaintiff appears to allege generally that because she identifies as female, she is likely to suffer bodily harm if she continues to be confined in a male facility.[2] *Id*. at 3-6. Plaintiff asserts that she has previously been assaulted by male prisoners while confined in high-security male facilities, and she claims that at least one of those assaults was precipitated by her gender identity. Dkt. 5-1 at 3-4. Plaintiff's submissions demonstrate, however, that neither of the prior assaults occurred at MCC where she is currently housed (*see* Dkt. 6-1 at 9-14), and

---

[2] In her proposed amended complaint, Plaintiff claims that her legal gender is female, though Defendants have classified her as transgender, and that pursuant to DOC policy regarding gender-specific housing the only appropriate facility for her is the Washington Corrections Center for Women ("WCCW"). *See* Dkt. 5-1 at 43, 50. According to Plaintiff, she has documentation reflecting that her legal gender identity is female, but claims she was advised that her request for transfer to a female facility would not be granted because she was born male and/or is biologically male. *Id*. at 50-51.

REPORT AND RECOMMENDATION
PAGE - 3

Plaintiff does not appear to claim that she is currently in physical danger. Her concern appears to be that she will be transferred to a higher security male facility where she may face a greater risk of being assaulted because of her gender identity. *See* Dkt. 6 at 5-6, 8-9.

The allegations in Plaintiff's motion for preliminary injunctive relief are not sufficient to demonstrate that she was in imminent danger of serious physical injury at the time she filed her complaint in this action. Plaintiff's allegations appear to be based upon nothing more than speculation about what could occur in the future depending upon the classification and housing decisions made by Defendants and/or other DOC employees. As Plaintiff fails to satisfy the imminent danger exception to § 1915(g), this Court concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350 filing fee plus a $52.00 administrative fee (for a total of $402.00).

Accordingly, this Court recommends that Plaintiff's application to proceed IFP be denied. This Court further recommends that Plaintiff be directed to pay the filing fee within **thirty (30) days** of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 11, 2023**.

DATED this 18th day of July, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5