UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH TYLER LITTLEFIELD,

      Plaintiff,

v.

CHERYL STRANGE, *et al.*,

      Defendants.

Case No. C23-790-JHC-SKV

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

## I. INTRODUCTION

Plaintiff Joseph Littlefield[1] is currently incarcerated at the Washington State Penitentiary ("WSP") in Walla Walla, Washington. Plaintiff has submitted to this Court for filing a civil rights complaint under 42 U.S.C. §§ 1983 and 1985. Although Plaintiff originally sought leave to proceed with this action *in forma pauperis* ("IFP"), her application to proceed IFP was denied. *See* Dkts. 5, 10, 23. Plaintiff recently paid the filing fee and, thus, this matter now comes before the Court for purposes of screening Plaintiff's amended complaint (Dkt. 29) in accordance with 28 U.S.C. § 1915A(a).

---

[1] Plaintiff indicates in the complaint that she identifies as female, and the Court therefore uses feminine gender pronouns in referring to her throughout this Order.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

This Court, having thoroughly reviewed Plaintiff's amended pleading, has identified deficiencies Plaintiff must correct if she wishes to proceed with this action. The Court therefore declines to direct that Plaintiff's amended complaint be served but grants her leave to file a second amended complaint curing the deficiencies identified below.

## II. DISCUSSION

### A. Claims

Plaintiff identifies six claims for relief and 69 Defendants in her amended complaint. Dkt. 29 at 3-54. Defendants are officials and employees at the Monroe Correctional Complex ("MCC"), officials and employees at Washington Department of Corrections ("DOC") headquarters, and two employees at WSP. *See id*. at 3-13.

Plaintiff first alleges in her amended complaint that Defendants participated in a conspiracy to violate her civil rights, giving rise to a cause of action under 42 U.S.C. § 1985. Dkt. 29 at 16-27. Plaintiff goes on to allege that Defendants violated her Fourth Amendment right to be free from unreasonable searches and seizures (*id*. at 28-34), her First Amendment right to freedom of speech and to petition the government for redress of grievances (*id*. at 35-39), her First Amendment right to be free from retaliation for engaging in protected conduct (*id*. at 40-45), and her Fourteenth Amendment right to due process and equal protection (*id*. at 50-54). Finally, Plaintiff alleges a state law claim of intentional infliction of emotional distress. *Id*. at 46-49. Plaintiff seeks declaratory and injunctive relief, and damages. *Id*. at 55-56.

### B. Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the

complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he or she was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  Vicarious

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson* v. *City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

### C. Deficiencies

Plaintiff's amended complaint is generally deficient because it does not comply with the requirements of Rule 8(a). Plaintiff's pleading does not contain a short and plain statement of her claims, but instead contains lengthy and often confusing descriptions of claims with few supporting facts connecting the named Defendants to the asserted claims. In sum, Plaintiff's pleading, at this juncture, lacks sufficient clarity and factual support to state any plausible claim for relief against any of the named Defendants. The Court will address more specific deficiencies below.

#### 1. Defendants

Plaintiff includes in her amended complaint a list of 69 Defendants. *See* Dkt. 29 at 3-13. However, of those 69 Defendants, only 43 are referenced in the body of Plaintiff's pleading. An additional three individuals identified as Defendants in the body of Plaintiff's pleading – Defendants Natabo, Mendoza, and Greywal – are not included in Plaintiff's list of Defendants. And, as to a majority of the 43 named Defendants referenced in the body of Plaintiff's pleading, the facts alleged in relation to those Defendants are too vague and conclusory to demonstrate that the Defendants personally participated in causing Plaintiff harm of federal constitutional dimension.

If Plaintiff wishes to proceed with this action, she must identify all intended Defendants in Section II of her complaint, and she must allege a cause of action against each named Defendant in the body of her complaint. As indicated above, in order to adequately allege a cause of action under § 1983, Plaintiff must identify the federally protected right she believes was violated by the conduct of each Defendant and she must allege clear and specific facts demonstrating that each named Defendant personally participated in causing the harm alleged in the complaint.[2]

### 2. *Conspiracy Claim*

Plaintiff alleges in the first count of her amended complaint that Defendants conspired to violate her civil rights in violation of 42 U.S.C. § 1985, though the precise nature of the conspiracy is unclear. *See* Dkt. 29 at 16-26. Plaintiff identifies various instances of alleged misconduct, and claims that this conduct is a part of a scheme known as "ping pong" that has been employed by Defendants to discriminate against her, prevent her from exercising her constitutional rights, and deny her equal protection of the laws. *See id.*

Plaintiff does not identify in her pleading the specific subsection of § 1985 that she intends to rely upon in this action, though § 1985(3) appears to be the only likely possibility. In order to properly state "a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in

---

[2] The Court observes that Plaintiff alleges on numerous occasions that Defendants violated Washington Department of Corrections policy or the Prison Rape Elimination Act ("PREA"), neither of which implicates federal constitutional concerns. Indeed, the Prison Rape Elimination Act ("PREA") has never been found to give rise to a private cause of action. *See Krieg v. Steele*, 599 F. Appx. 231, 232-33 (5th Cir. 2015) (citing cases); *Davis v. Riverside County Sheriff's Dept.*, 2016 WL 1642558, * 4 (C.D. Cal. April 25, 2016) (PREA does not give rise to a private cause of action).

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 5

furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti,* 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (per curiam). "A claim under this section [1985] must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff alleges no facts demonstrating that Defendants' actions were motivated by racial or class-based discriminatory animus. Plaintiff suggests that Defendants' conduct was undertaken with the intent to discriminate against her based on her gender, or their perception of her gender. However, the Supreme Court has declined to address whether gender is an "otherwise class-based" category under § 1983. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993). Moreover, Plaintiff's factual allegations, at present, lack sufficient clarity and specificity to demonstrate that the multiple Defendants referenced in this claim conspired together to violate Plaintiff's rights or, indeed, that Plaintiff suffered any deprivation of a federally protected right as a result of Defendants' conduct.

### 3. Fourth Amendment Claims

Plaintiff asserts in the second count of her amended complaint that she suffered a violation of her Fourth Amendment right to be free from unreasonable searches and seizures when Defendants searched her privileged legal mail and legal pleadings, and seized legal pleadings, private correspondence with state officials, and correspondence with vendors of legal

publications. Dkt. 29 at 28-29. Plaintiff further asserts that Defendants unlawfully seized her numerous written allegations of sexual misconduct that were submitted in accordance with the PREA reporting process through the institutional mail system. *Id*. at 29-30. Plaintiff claims that the PREA reports were not processed in accordance with DOC policy but were instead "detained" by Defendants. *Id*. at 30. Plaintiff also asserts that Defendants, who are the opposite gender of her, carried out unreasonable searches when they conducted visual checks of Plaintiff in the showering area while she was unclothed. *Id*. at 30-31. Finally, Plaintiff asserts that Defendants unlawfully seized and detained funds from her inmate account. *See id*. at 32-33.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. The United States Supreme Court has held, however, that the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of a prison cell. *Hudson v. Palmer*, 468 U.S. 517, 525-26, 528 n.8 (1984); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (Fourth Amendment does not protect an inmate from the seizure and destruction of his property). Thus, Plaintiff cannot state a Fourth Amendment claim against Defendants based on any alleged search and seizure of property from her prison cell.

To the extent Plaintiff's unlawful search and seizure claims relate to Defendants' handling of her legal mail, Plaintiff's claims arise under the First Amendment, not the Fourth Amendment. Similarly, the Court fails to discern how the alleged failure of Defendants to process Plaintiff's PREA reports in accordance with DOC policy implicates Fourth Amendment concerns.

To the extent Plaintiff's unlawful search claim is based upon Defendants conducting visual checks while she was showering, she has not adequately alleged a violation of the Fourth Amendment. Prisoners retain a limited Fourth Amendment right to shield themselves from being

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 7

publications. Dkt. 29 at 28-29. Plaintiff further asserts that Defendants unlawfully seized her numerous written allegations of sexual misconduct that were submitted in accordance with the PREA reporting process through the institutional mail system. *Id*. at 29-30. Plaintiff claims that the PREA reports were not processed in accordance with DOC policy but were instead "detained" by Defendants. *Id*. at 30. Plaintiff also asserts that Defendants, who are the opposite gender of her, carried out unreasonable searches when they conducted visual checks of Plaintiff in the showering area while she was unclothed. *Id*. at 30-31. Finally, Plaintiff asserts that Defendants unlawfully seized and detained funds from her inmate account. *See id*. at 32-33.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. The United States Supreme Court has held, however, that the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of a prison cell. *Hudson v. Palmer*, 468 U.S. 517, 525-26, 528 n.8 (1984); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (Fourth Amendment does not protect an inmate from the seizure and destruction of his property). Thus, Plaintiff cannot state a Fourth Amendment claim against Defendants based on any alleged search and seizure of property from her prison cell.

To the extent Plaintiff's unlawful search and seizure claims relate to Defendants' handling of her legal mail, Plaintiff's claims arise under the First Amendment, not the Fourth Amendment. Similarly, the Court fails to discern how the alleged failure of Defendants to process Plaintiff's PREA reports in accordance with DOC policy implicates Fourth Amendment concerns.

To the extent Plaintiff's unlawful search claim is based upon Defendants conducting visual checks while she was showering, she has not adequately alleged a violation of the Fourth Amendment. Prisoners retain a limited Fourth Amendment right to shield themselves from being

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 7

publications. Dkt. 29 at 28-29. Plaintiff further asserts that Defendants unlawfully seized her numerous written allegations of sexual misconduct that were submitted in accordance with the PREA reporting process through the institutional mail system. *Id*. at 29-30. Plaintiff claims that the PREA reports were not processed in accordance with DOC policy but were instead "detained" by Defendants. *Id*. at 30. Plaintiff also asserts that Defendants, who are the opposite gender of her, carried out unreasonable searches when they conducted visual checks of Plaintiff in the showering area while she was unclothed. *Id*. at 30-31. Finally, Plaintiff asserts that Defendants unlawfully seized and detained funds from her inmate account. *See id*. at 32-33.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. The United States Supreme Court has held, however, that the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of a prison cell. *Hudson v. Palmer*, 468 U.S. 517, 525-26, 528 n.8 (1984); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (Fourth Amendment does not protect an inmate from the seizure and destruction of his property). Thus, Plaintiff cannot state a Fourth Amendment claim against Defendants based on any alleged search and seizure of property from her prison cell.

To the extent Plaintiff's unlawful search and seizure claims relate to Defendants' handling of her legal mail, Plaintiff's claims arise under the First Amendment, not the Fourth Amendment. Similarly, the Court fails to discern how the alleged failure of Defendants to process Plaintiff's PREA reports in accordance with DOC policy implicates Fourth Amendment concerns.

To the extent Plaintiff's unlawful search claim is based upon Defendants conducting visual checks while she was showering, she has not adequately alleged a violation of the Fourth Amendment. Prisoners retain a limited Fourth Amendment right to shield themselves from being

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 7

publications. Dkt. 29 at 28-29. Plaintiff further asserts that Defendants unlawfully seized her numerous written allegations of sexual misconduct that were submitted in accordance with the PREA reporting process through the institutional mail system. *Id*. at 29-30. Plaintiff claims that the PREA reports were not processed in accordance with DOC policy but were instead "detained" by Defendants. *Id*. at 30. Plaintiff also asserts that Defendants, who are the opposite gender of her, carried out unreasonable searches when they conducted visual checks of Plaintiff in the showering area while she was unclothed. *Id*. at 30-31. Finally, Plaintiff asserts that Defendants unlawfully seized and detained funds from her inmate account. *See id*. at 32-33.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. The United States Supreme Court has held, however, that the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of a prison cell. *Hudson v. Palmer*, 468 U.S. 517, 525-26, 528 n.8 (1984); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (Fourth Amendment does not protect an inmate from the seizure and destruction of his property). Thus, Plaintiff cannot state a Fourth Amendment claim against Defendants based on any alleged search and seizure of property from her prison cell.

To the extent Plaintiff's unlawful search and seizure claims relate to Defendants' handling of her legal mail, Plaintiff's claims arise under the First Amendment, not the Fourth Amendment. Similarly, the Court fails to discern how the alleged failure of Defendants to process Plaintiff's PREA reports in accordance with DOC policy implicates Fourth Amendment concerns.

To the extent Plaintiff's unlawful search claim is based upon Defendants conducting visual checks while she was showering, she has not adequately alleged a violation of the Fourth Amendment. Prisoners retain a limited Fourth Amendment right to shield themselves from being

observed nude. *See Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988). However, this right is not violated if guards make only casual observations of the prisoner or if the observations are made from a distance. *See id*. at 334; *Grummett v. Rushen*, 779 F.2d 491, 495-96 (9th Cir. 1985). Plaintiff's claims of unconstitutional conduct in relation to visual checks during showing lack sufficient factual support to make out a viable Fourth Amendment claim.

The Court observes that Plaintiff, in support of this portion of her Fourth Amendment claim, provides a lengthy list of dates when the alleged misconduct occurred and the names of a number of Defendants whom she contends engaged in the unlawful conduct. Dkt. 29 at 30-31. However, Plaintiff fails to connect each named Defendant to specific instances of misconduct, and she suggests that other individuals, aside from the named Defendants, engaged in the alleged misconduct as well. *See id*. at 31. Plaintiff also fails to describe, with specificity, what each act of misconduct entailed. Plaintiff's generalized allegations of misconduct in relation to a large group of Defendants are simply insufficient to state a viable Fourth Amendment claim. Plaintiff is also advised in relation to this portion of her Fourth Amendment claim that her suggestion that Defendants failed to adhere to DOC "showering protocols" does not give rise to a viable constitutional claim. A corrections officer may act in contravention of DOC protocols and/or procedures without violating a prisoner's constitutional rights. It is therefore critical that Plaintiff allege specific facts that support her constitutional claims and not simply facts which she believes support her suggestion that Defendants violated DOC protocol.

Finally, as to Plaintiff's claim that Defendants unlawfully "seized" funds from her account, it appears that the funds at issue were either misdirected and/or temporarily withheld. *See* Dkt. 29 at 32-33. Plaintiff fails to demonstrate that this constitutes a seizure for Fourth Amendment purposes. The Court further notes that, to the extent Plaintiff intends to claim that

Defendants unlawfully deprived her of personal property in the form of funds removed from her account, her claim properly arises, if at all, under the Fourteenth Amendment and not under the Fourth Amendment. Plaintiff is advised that an authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson*, 468 U.S. at 532 n. 13 (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982). However, where a random, unauthorized act by a state employee deprives an individual of property, either negligently or intentionally, the individual is relegated to the state post-deprivation process, so long as the state provides an adequate post-deprivation remedy. *Id*. at 533.

Washington State provides a post-deprivation remedy for the alleged tortious conduct of state employees under RCW 4.92. The statute requires the Washington State Department of Enterprise Services to make the process accessible by providing the tort claim form and instructions on its website, which it does. RCW 4.92.100(1); *see* https://des.wa.gov/services/risk-management/file-claim. Because the state provides an adequate statutory remedy for wrongful deprivation of property, any claim pertaining to the unauthorized deprivation of Plaintiff's personal property does not rise to the level of a constitutional violation cognizable under § 1983.

    4.    *First Amendment Claims*

Plaintiff alleges in the third count of her amended complaint that Defendants violated her right to freedom of speech and to petition the government for redress of grievances when they: (1) failed to properly screen, report, and investigate her complaints of alleged PREA violations; (2) withheld legal pleadings and correspondence in order to deter her from pursuing legal actions; (3) subjected her to ongoing extortion and delayed disbursement of funds to various courts necessary to satisfy her legal financial obligations; and (4) manipulated the classification

process in an effort to get her transferred to a facility where an assault would be "orchestrated" in retaliation for her litigation activities against DOC employees. Dkt. 29 at 35-38. Plaintiff also claims that the Secretary of the DOC failed to properly address an allegation that she had been retaliated against for reporting a PREA incident, which Plaintiff claims significantly "chilled" her speech. *Id*. at 39.

Plaintiff's third count is generally deficient because it is confusing and fails to allege sufficient facts to demonstrate that any of the Defendants identified in the claim personally participated in causing her harm of federal constitutional dimension. To the extent Plaintiff claims that Defendants failed to comply with PREA requirements, she appears to have alleged violations of DOC policy and/or PREA, neither of which gives rise to a claim cognizable under § 1983. Plaintiff also fails to clearly explain how Defendants' determinations that her PREA complaints did not meet the definition of sexual misconduct constitutes a violation of her First Amendment rights. The allegations in Plaintiff's pleading appear to indicate that she was not precluded from submitting her PREA complaints, she simply disagrees with the manner in which her complaints were addressed by Defendants.

To the extent Plaintiff asserts that Defendants interfered with her ability to file legal actions, it appears that she is presenting an access to courts claim. In *Bounds v. Smith*, 430 U.S. 817, 821 (1977), the Supreme Court acknowledged that inmates have a constitutional right of meaningful access to the courts. The Supreme Court subsequently made clear that in order to adequately allege a cause of action for deprivation of the right of access to the courts, an inmate must demonstrate that she suffered some actual injury to her right of access. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 10

(citation and internal quotation marks omitted).  Plaintiff's allegations in relation to her apparent access to courts claim are too vague to demonstrate that she suffered any actual injury to her right of access attributable to any of the named Defendants.

With respect to Plaintiff's claims pertaining to the alleged extortion scheme, the facts alleged by Plaintiff are, once again, too vague and confusing to state any viable claim for relief under § 1983.  Finally, to the extent Plaintiff intends to assert a retaliation claim, she also fails to allege sufficient facts to state a viable claim for relief.  The Court will address the requirements for asserting a viable retaliation claim below in its discussion of count four of Plaintiff's amended complaint which Plaintiff specifically identifies as a retaliation claim.

     5.  *Retaliation Claims*

Plaintiff asserts in the fourth count of her amended complaint that she was retaliated against for reporting allegations of sexual abuse.  Dkt. 29 at 40-45.  Plaintiff claims that the retaliatory conduct included the following: (1) theft and conversion of her personal property; (2) manipulation of the classification process; (3) denial of access to a television and to commissary; (4) "manufactur[ing]" an infraction; (5) refusal to collect outgoing mail and to process incoming mail; (6) placement on an unwarranted security enhancement plan; (7) changing her housing assignment and "contract[ing]" other inmates to harass her; and (8) preventing/delaying her transfer to a less restrictive custody level.  *See id*.

A First Amendment retaliation claim in the prison context has five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate, (2) because of, (3) that prisoner's protected conduct, and that such action, (4) chilled the inmate's exercise of [her] First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  To prevail on a retaliation

claim, "a plaintiff must show that [her] protected conduct was the substantial or motivating factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citation and internal quotation omitted). In addition, a plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which [s]he complains." *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995). The Court evaluates a retaliation claim in light of the deference accorded prison officials. *Id*. at 807.

The facts set forth by Plaintiff in support of her retaliation claims are vague and conclusory and fail to state a plausible claim for relief against any named Defendant. The Court notes that Plaintiff fails to connect some of the alleged retaliatory conduct to any specific Defendant. The Court further notes that Plaintiff also fails to allege any facts demonstrating that her filing of complaints of sexual abuse was the "substantial or motivating factor" behind the alleged retaliatory conduct, or that the alleged misconduct did not serve legitimate correctional goals.

### 6. *Due Process/Equal Protection Claims*

Plaintiff alleges in the sixth count of her amended complaint that Defendants have violated her rights to due process and equal protection under the Fourteenth Amendment. Dkt. 29 at 50-54. Plaintiff asserts in support of these claims that in December 2022, in anticipation of an upcoming classification review, she indicated she wanted to be transferred to a gender-appropriate facility. *Id*. at 50. Plaintiff claims that her legal gender is female, though Defendants have classified her as transgender, and that pursuant to DOC policy regarding gender-specific housing the only appropriate facility for her is the Washington Corrections Center for Women ("WCCW"). *See id*. at 43, 50. According to Plaintiff, she has documentation reflecting that her legal gender identity is female, but claims she was advised that her request for transfer to a

female facility would not be granted because she was born male and/or is biologically male. *Id*. at 50-51.

       a.  Due Process

  To the extent Plaintiff complains about the failure of Defendants to transfer her to WCCW she has not stated a cognizable claim for relief. Inmates have no constitutional right to avoid being transferred to another prison, or to be housed in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam). Similarly, there is no constitutional right to incarceration at a prison of an inmate's choosing. *Williams v. Wood*, 223 F.App'x 670, 671 (9th Cir 2007); s*ee also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (due process protections generally do not apply when prison officials change an inmate's place of confinement, "even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another"); *Aliahmed v. Troxler*, 839 F.App'x 675, 677 (3d Cir. 2021) (because transgender plaintiff lacked a cognizable liberty interest in being confined in a particular institution, she was unlikely to succeed on claim for injunctive relief to transfer to a women's prison). Because Plaintiff has no constitutional right to be confined at any particular institution, she fails to adequately allege any violation of her Fourteenth Amendment right to due process in relation to her housing assignment.

  The Court notes as well that inmates do not have a constitutional right to a particular classification status. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Thus, any claim Plaintiff may intend to assert regarding classification decisions or her classification status, likewise fails to state a cognizable claim for relief under § 1983.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 13

b.     Equal Protection

Plaintiff's equal protection claim is not entirely clear, though she appears to allege that her right to equal protection was violated when she was treated differently in the classification process than similarly situated female prisoners in the DOC, and when Defendants determined that showering protocols authorized by PREA and DOC policy did not apply to her. *See* Dkt. 29 at 50-54.

The Equal Protection Clause of the Fourteenth Amendment prohibits a state from denying to "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause essentially mandates that state and local governments treat alike all persons who are similarly situated. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). As a general matter, in order to state an equal protection claim under § 1983, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Barren*, 152 F.3d at 1194.

However, "[w]hen an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a 'class of one' claim." *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). In order to state a class of one claim, a plaintiff must show that the defendant(s) intentionally treated her differently from other similarly situated persons without a rational basis. *Id*. To "'be considered similarly situated, the class of one challenger and [her] comparators must be prima facie identical in all relevant respects or directly comparable in all material respects.'" *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294 (E.D.

Cal. 2016) (quoting *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008)); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

With respect to the classification process, Plaintiff fails to allege facts demonstrating any violation of her equal protection rights.  The Court infers from the allegations in the complaint that Plaintiff was born male, now identifies as female, and has apparently taken steps to change her gender identification to female on certain official documents.  These facts do not demonstrate that Plaintiff is similarly situated to all other female prisoners within the DOC as she suggests.  As to Plaintiff's claims regarding showering protocols, her claims are not sufficiently clear to state a viable claim for relief against any of the named Defendants in relation to the standard set forth above.

### 7. *Joinder of Defendants*

Finally, the Court observes that Plaintiff has presented in her amended pleading a number of claims that appear unrelated to each other and involve different defendants.  Plaintiff is advised that unrelated claims against different defendants must be pursued in separate actions.  It appears Plaintiff may believe her claims to be related because she is alleging a vast conspiracy on the part of MCC and DOC officials and employees to violate her civil rights.  However, Plaintiff's conspiracy claim is tenuous at best, and her remaining claims lack sufficient clarity for this Court to draw any reasonable conclusions about which claims may or may not be sufficiently related to proceed in a single action.

Plaintiff is advised that she may bring a claim against multiple defendants so long as: (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact.  Fed. R. Civ. P. 20(a)(2);

*Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir.1997).  Though multiple claims may be asserted against a single party:

> Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)).  Any attempt by Plaintiff to assert unrelated claims against unrelated Defendants is not proper and will not be permitted.

### 8.     *Motions for Preliminary Injunctive Relief*

Following the submission of her amended complaint in June 2023, Plaintiff submitted two motions for preliminary injunctive relief to the Court for consideration.  *See* Dkts. 6, 7.  Those motions have yet to be considered because of the outstanding filing fee deficiency that was only recently corrected.  Plaintiff now seeks to have her motions for preliminary injunctive relief noted on the Court's calendar for consideration.  *See* Dkt. 28.  However, because Plaintiff has yet to present a viable pleading in this action, her motions for preliminary injunctive relief are premature.  Accordingly, Plaintiff's motions (Dkts. 6, 7) are STRICKEN, and her request to have those motions noted for consideration (Dkt. 28) is DENIED.  Plaintiff may resubmit her motions, if appropriate, once a viable pleading has been filed.

## III.     CONCLUSION

Because of the deficiencies identified above, the Court declines to direct that Plaintiff's amended complaint be served on Defendants.  However, Plaintiff is granted leave to file a second amended complaint curing the noted deficiencies within ***thirty (30) days*** of the date on

which this Order is signed. Plaintiff must ensure that the second amended complaint carries the same case number as her amended complaint. If no second amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

The Clerk is directed to send Plaintiff the appropriate forms so that she may file a second amended complaint. The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable John H. Chun.

DATED this 18th day of October, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 17