1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   JOSEPH TYLER LITTLEFIELD,

9                                    Plaintiff,        Case No. C23-790-JHC-SKV

10          v.

11  CHERYL STRANGE, *et al*.,                          ORDER DECLINING TO SERVE
                                                       SECOND AMENDED COMPLAINT
                                                       AND GRANTING LEAVE TO FILE
12                                   Defendants.        THIRD AMENDED COMPLAINT

13

14                          **I.        INTRODUCTION**

15          This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Joseph

16  Littlefield[1] is currently incarcerated at the Washington State Penitentiary ("WSP") in Walla

17  Walla, Washington.  This matter is now before the Court for the purpose of screening Plaintiff's

18  second amended civil rights complaint.  Dkt. 37.  The Court, having reviewed Plaintiff's

19  amended pleading, concludes that Plaintiff has yet to adequately allege a viable cause of action

20  against any of the named defendants.  The Court therefore declines to direct that Plaintiff's

21

22  _____

23        [1] Plaintiff indicates in the pleadings thus far filed in this action that she identifies as female.  The
    Court therefore uses feminine gender pronouns in referring to her throughout this Order.

    ORDER DECLINING TO SERVE SECOND
    AMENDED COMPLAINT AND GRANTING
    LEAVE TO FILE THIRD AMENDED
    COMPLAINT - 1

second amended complaint be served on defendants but grants her leave to file a third amended complaint correcting the deficiencies identified below.

## II.    BACKGROUND

Plaintiff submitted her original complaint to the Court on May 24, 2023, and shortly thereafter, on June 1, 2023, submitted a proposed amended complaint to the Court for review. *See* Dkts. 1, 4.  Plaintiff alleged the following six claims in her proposed amended complaint: (1) defendants participated in a conspiracy to violate her civil rights, giving rise to a cause of action under 42 U.S.C. § 1985; (2) defendants violated her Fourth Amendment right to be free from unreasonable searches and seizures; (3) defendants violated her First Amendment right to freedom of speech and to petition the government for redress of grievances; (4) defendants violated her First Amendment right to be free from retaliation for engaging in protected conduct; (5) defendants engaged in a conspiracy to intentionally inflict emotional distress on her; and (6) defendants violated her Fourteenth Amendment rights to due process and equal protection.  *See* Dkt. 29 at 3-54.

Plaintiff identified 69 defendants in her amended complaint, which included officials and employees at the Monroe Correctional Complex ("MCC"), officials and employees at Washington Department of Corrections ("DOC") headquarters, and two employees at WSP.  *See* Dkt. 29 at 3-13.  Plaintiff requested declaratory and injunctive relief, and damages.  *Id*. at 55-56.

After reviewing Plaintiff's amended complaint, this Court concluded that Plaintiff had not adequately alleged a cause of action against any of the defendants named therein.  Thus, on October 18, 2023, the Court issued an Order declining to serve Plaintiff's amended complaint and granting her leave to file a second amended complaint correcting a number of deficiencies specified in the Order.  Dkt. 30.  In particular, the Court noted that Plaintiff's amended complaint

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 2

was generally deficient because it did not comply with Fed. R. Civ. P. 8(a), which requires that a pleading contain a short and plain statement of each claim showing that the pleader is entitled to relief. *Id*. at 3-4. The Court observed that Plaintiff's amended complaint contained lengthy and often confusing descriptions of claims with few supporting facts connecting the named defendants to the asserted claims. *Id*. at 4.

The Court also observed that Plaintiff had not alleged claims against all defendants named in her amended complaint, and that she had asserted claims against individuals not identified as defendants. Dkt. 30 at 4-5. The Court identified specific deficiencies in each of Plaintiff's claims in relation to the applicable legal standards and the facts alleged in the pleading. *See id*. at 5-15. Finally, in light of the vast number of defendants and the expansive nature of the claims it appeared Plaintiff was attempting to assert, the Court advised Plaintiff that she would not be permitted to assert unrelated claims against unrelated defendants in this action. *Id*. at 15-16.

On December 29, 2023, Plaintiff submitted a second amended complaint to the Court for filing. Dkt. 37. Plaintiff identifies in that pleading five claims for relief against over 70 defendants. *See id*. at 3-14. A majority of the named defendants are officials and employees at MCC, however Plaintiff also identifies officials and employees at DOC headquarters and at WSP as defendants in her second amended complaint. *See id*. The five claims asserted by Plaintiff include the following: (1) defendants violated her First Amendment right to be free from retaliation; (2) defendants participated in a conspiracy to violate her civil rights, giving rise to a cause of action under 42 U.S.C. § 1985(2), clause one; (3) defendants violated her Eighth Amendment right to be free from cruel and unusual punishment; (4) defendants violated her Fourteenth Amendment right to due process; and (5) defendants failed to intervene in the alleged

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 3

conspiracy and refused to stop the unlawful conduct.  Dkt. 37 at 17-56.  Plaintiff requests

declaratory and injunctive relief, and damages.  *Id*. at 57-58.

## III.    DISCUSSION

### A.    Screening Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen

complaints brought by prisoners seeking relief against a governmental entity, officer, or

employee.  28 U.S.C. § 1915A(a).  The Court must "dismiss the complaint, or any portion of the

complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(b).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to

state a claim for relief it must contain a short and plain statement of the grounds for the court's

jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief,

and a demand for the relief sought.  The statement of the claim must be sufficient to "give the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

*Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be

"enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  In addition, a complaint must allege facts to state a claim for relief

that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (1)

that she suffered a violation of rights protected by the Constitution or created by federal statute,

and (2) that the violation was proximately caused by a person acting under color of state law.

*See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The causation requirement of

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 4

1   § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act,

2   participated in another's affirmative act, or omitted to perform an act which he was legally

3   required to do that caused the deprivation complained of.  *Arnold v. Int'l Bus. Mach. Corp.*, 637

4   F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

5   "The inquiry into causation must be individualized and focus on the duties and responsibilities of

6   each individual defendant whose acts or omissions are alleged to have caused a constitutional

7   deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

8       **B.    Deficiencies**

9       A review of Plaintiff's second amended complaint reveals that though she apparently

10  attempted to correct some of the deficiencies identified by the Court in its Order declining to

11  serve her first amended complaint, many of the deficiencies remain.  In particular, the Court

12  observes that Plaintiff's second amended complaint, like her first amended complaint, fails to

13  comply with the requirements of Rule 8(a).  The second amended complaint is overly long, the

14  list of intended defendants is excessive, and the factual allegations are too vague and conclusory

15  to state any plausible claim for relief against any of the named defendants.  The Court addresses

16  more specific deficiencies below.

17          *1.    Defendants*

18      Plaintiff includes in her second amended complaint a list of 74 defendants.  *See* Dkt. 37 at

19  3-14.  The list appears to contain some duplicate defendants and/or defendants with the same last

20  names that are not adequately distinguished in Plaintiff's statement of her claims.  In particular,

21  the Court has identified two defendants with the last name of Adams, two defendants with the

22  last name of Blair, two defendants with the last name of Smith, two defendants with the last

23  name of Jackson, and two defendants with the last name of Hopkins.  *See id.*  In addition, four

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 5

individuals identified as defendants in the body of Plaintiff's second amended pleading –

Defendants Kaech, Mendoza, Burt, and Robertson – are not included in Plaintiff's list of

defendants.  And, as with Plaintiff's first amended complaint, the facts alleged in relation to a

majority of the defendants identified in her second amended complaint are too vague and

conclusory to demonstrate that the defendants personally participated in causing her harm of

federal constitutional dimension.

Plaintiff is once again advised that if she wishes to proceed with this action, she must

identify all intended defendants in Section II of her complaint and omit any duplicate defendants.

She must also ensure that she clearly identifies in the body of her complaint which defendants

she is intending to proceed against with respect to each cause of action.  Finally, as to each

named defendant, plaintiff must identify the federally protected right she believes was violated

by the conduct of that individual and she must allege clear and specific facts demonstrating that

the named individual personally participated in causing the harm alleged in the complaint.

### 2.    Retaliation

Plaintiff alleges in the first count of her second amended complaint that she was retaliated

against for reporting staff sexual misconduct and for pursuing civil litigation against the DOC.

Dkt. 37 at 17-34.  Plaintiff identifies different time frames for the various instances of alleged

retaliatory conduct, but it appears the alleged retaliation, in total, spanned a period of over a year,

from November 2, 2022 to December 29, 2023, the date Plaintiff filed this action, and

encompasses conduct that occurred at both MCC and WSP.[2]  *See id*.  Plaintiff claims that the

retaliatory conduct included the following: (1) seizing her personal property and interfering with

---

[2] Plaintiff indicates that she was transferred from MCC to WSP in August 2023.  *See* Dkt. 37 at 24, 43.

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 6

her mail; (2) restricting her access to commissary; (3) fabricating disciplinary observations and reports in order to negatively impact classification and housing decisions; (4) placing her on an unwarranted security enhancement plan; (5) transferring her to WSP; (6) denying her protective housing at WSP; (7) mislabeling her as transgender; and (8) labeling her as homosexual and as a snitch in order to provoke attacks from other inmates. *See id.*

A First Amendment retaliation claim in the prison context has five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate, (2) because of, (3) that prisoner's protected conduct, and that such action, (4) chilled the inmate's exercise of [her] First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). To prevail on a retaliation claim, "a plaintiff must show that [her] protected conduct was the substantial or motivating factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citation and internal quotation omitted). In addition, a plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which [s]he complains." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). The Court evaluates a retaliation claim in light of the deference accorded prison officials. *Id.* at 807.

As with Plaintiff's first amended complaint, the facts set forth by Plaintiff in her second amended complaint are too vague and conclusory to state a plausible retaliation claim against any of the named defendants. In order to adequately state a claim for relief, Plaintiff must assert clear and specific facts pertaining to each individual defendant explaining when and how that individual violated her rights. Plaintiff's allegations that large groups of defendants engaged in retaliatory conduct spanning months-long periods of time are insufficient to demonstrate that specific individuals *personally participated* in causing her harm.

Also absent from Plaintiff's second amended complaint are facts demonstrating that her filing of complaints of sexual abuse and/or her pursuit of civil litigation were the "substantial or motivating factor" behind the alleged retaliatory conduct. Plaintiff's makes general references to defendants' conduct being motivated by her civil litigation without expounding upon what her litigation activities involved or how those activities specifically influenced the conduct of individual defendants.

The Court, in an effort to illuminate Plaintiff's allegations that she has been retaliated against for pursing civil litigation, reviewed Plaintiff's history of litigation in this Court and in the Ninth Circuit Court of Appeals. This Court's records reveal that Plaintiff has previously filed eight other civil rights actions in this district. *See Littlefield v. Doe*, C21-388-JLR; *Littlefield v. Boe*, C21-5296-JLR; *Littlefield v. Uknown Named Agents*, C21-5302-JHC; *Littlefield v. Anderson*, C21-5426-RSL; *Littlefield v. McNary*, C21-5427-RSM; *Littlefield v. Germeau*, C21-5451-RAJ; *Littlefield v. Fithian*, C21-5453-RSM; and *Littlefield v. McHaffie*, C21-5470-DGE. A ninth lawsuit, which was originally filed by Plaintiff in Clallam County Superior Court, was removed to this Court by defendants. *Littlefield v. Washington Department of Corrections*, C23-5711-TL.

Of these nine actions, only three were ever served on defendants – C21-5451-RAJ, C21-5470-DGE, and C23-5711-TL – and each of these three actions involved claims that arose out of Plaintiff's confinement at the Clallam Bay Corrections Center. Aside from case C23-5711-TL, which was only recently dismissed based upon Plaintiff's failure to exhaust her administrative remedies, Plaintiff's prior actions were all dismissed well before the events giving rise to the claims asserted in this lawsuit occurred.

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 8

A review of Plaintiff's filings in the Ninth Circuit reveals that Plaintiff filed appeals related to the dismissals of case C21-5453-RSM (9th Cir. Case No. 21-35870), case C21-5427-RSM (9th Cir. Case No. 21-35872), case C21-5426-RSL (9th Cir. Case No. 21-35876), case C21-5451-RAJ (9th Cir. Case No. 22-35153), and case C21-5302-JHC (9th Cir. Case No. 22-35657). Of these five appeals, one appeal was withdrawn (21-35872), three were dismissed for failure to prosecute (21-35870, 21-35876, 22-35657), and one remains pending (22-35153). With respect to Plaintiff's pending appeal, the Ninth Circuit docket reflects that Plaintiff has yet to file an opening brief in that action, despite the fact the appeal was filed in February 2022. As with Plaintiff's district court actions, aside from the appeal which currently remains pending, Plaintiff's appeals were all terminated well before the events giving rise to this lawsuit occurred.

While Plaintiff suggests in her second amended complaint that defendants' actions were motivated by her litigious tendencies, there are no facts alleged in her pleading that connect her civil litigation to the conduct of the defendants. Indeed, given that most of Plaintiff's civil actions to date have not proceeded past the pleading stage, and those that did proceed beyond the pleading stage do not appear to have involved the MCC and WSP employees who make up the bulk of the defendants identified in this case, it is difficult to discern how Plaintiff's civil litigation might relate, if at all, to the alleged misconduct of the defendants against whom Plaintiff is proceeding in this action. identified herein. If Plaintiff wishes to proceed with her retaliation claim, she must more clearly connect the conduct of each individual defendant to her own protected conduct.

### 3. Conspiracy

Plaintiff alleges in the second count of her second amended complaint that defendants conspired to violate her civil rights in an effort to deter future litigation, stop ongoing litigation,

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 9

and prevent her from attending federal court. *See* Dkt. 37 at 35-46. Plaintiff alleges that

defendants conduct violated 42 U.S.C. § 1985(2).[3] *Id.* Relatedly, Plaintiff alleges in the fifth

count of her second amended complaint that various defendants employed at DOC headquarters

were advised in writing of the ongoing conspiracy but refused to intervene to put a halt to the

alleged unlawful conduct. *Id.* at 56.

Section 1985(2) contains two clauses that give rise to separate causes of action. *Portman*

*v. Cty. of Santa Clara*, 995 F.2d 898, 908 (9th Cir. 1993). The first clause of § 1985(2) concerns

"conspiracies to interfere with the administration of justice in the federal courts." *Bretz v.*

*Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985). The second clause of § 1985(2) concerns access

to state courts and requires an allegation of "class-based animus." *Portman*, 995 F.2d at 909

(citing *Bretz*, 773 F.3d at 1029). Plaintiff specifically asserts in her second amended complaint

that her conspiracy claim arises under the first clause of § 1985(2). *See* Dkt. 37 at 35.

In order to "to make out a claim based on retaliation under the first clause of section

1985(2), a plaintiff must prove four elements: (1) a conspiracy by the defendants; (2) to injure a

party or witness in his or her person or property; (3) because he or she attended federal court or

testified in any matter pending in federal court; (4) resulting in injury or damages to the

plaintiff." *Portman*, 995 F.2d at 909 (citing *Chahal v. Paine Webber Inc.*, 725 F.2d 20, 23 (2d

Cir. 1984)). In order to have an injury cognizable under § 1985(2), "a claimant must show that

---

[3] The conspiracy claim asserted by Plaintiff in her second amended complaint differs from the conspiracy claim asserted in her first amended complaint. Plaintiff's original conspiracy claim appeared to be based primarily on allegations that Defendants' alleged misconduct was a part of a scheme employed to discriminate against her and deny her equal protection of the law, whereas the current claim is based on allegations that Defendants retaliated against her based upon her litigation activities. *See* Dkt. 29 at 16-26.

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 10

1    the conspiracy hampered the claimant's ability to present an effective case in federal court."

2    *Rutledge v. Arizona Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988).  In addition, "[a] claim

3    under [section 1985] must allege facts to support the allegation that defendants conspired

4    together.  A mere allegation of conspiracy without factual specificity is insufficient."  *Karim-*

5    *Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

6           Plaintiff's conspiracy claim, like her retaliation claim, is based on vague allegations that

7    defendants' alleged misconduct is attributable to her litigation activities.  However, Plaintiff

8    alleges no facts demonstrating any direct connection between the misconduct alleged and her

9    civil litigation.  Moreover, Plaintiff's factual allegations, at present, lack sufficient clarity and

10   specificity to demonstrate that the multiple defendants referenced in this claim conspired

11   together to violate her rights.  And, because Plaintiff has not, at this juncture, alleged a viable

12   conspiracy claim, her claim in count five of her second amended complaint that other defendants

13   failed to prevent the alleged conspiracy necessarily fails.

14                          *4.      Cruel and Unusual Punishment*

15          Plaintiff alleges in the third count of her second amended complaint that defendants

16   subjected her to cruel and unusual punishment in violation of her Eighth Amendment rights.

17   Dkt. 37 at 47.  Plaintiff's allegations in support of her Eighth Amendment claim are somewhat

18   confusing but appear to relate to her confinement at both MCC and, later, at WSP.  Plaintiff

19   begins by claiming that specified MCC defendants threatened her and placed her in isolation, and

20   that another set of MCC defendants whom she claims she reported the threats to and who refused

21   her requests to be placed in protective housing.  *Id*. at 48.  Plaintiff goes on to claim that she was

22   confined in isolated housing at MCC for over two hundred days which "exposed her to

23   deprivation of basic human necessities."  *Id*. at 51, 53.

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 11

Plaintiff also claims that she was threatened by other inmates, apparently at WSP, and that she requested protection, but her requests were denied. *Id*. at 48-49. Plaintiff claims that she was thereafter assaulted by another inmate at WSP because defendants refused to protect her after she made them aware of a substantial risk to her safety. *See id*. at 49-50, 53-54.

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates. *Id*. In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Id*. at 834.

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

Plaintiff's Eighth Amendment claim, like her retaliation and conspiracy claims, is supported only by vague and confusing allegations of misconduct and resulting harm that do not

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 12

1    clearly demonstrate any of the named defendants violated her rights under the standards set forth

2    above.  A part of the confusion with this claim is that Plaintiff appears to assert Eighth

3    Amendment claims arising at both MCC and WSP and to suggest that the claims are interrelated.

4    If Plaintiff elects to pursue her Eighth Amendment claim, she must clearly delineate where each

5    instance of alleged harm occurred and who participated in causing the alleged harm, and she

6    must do so in a manner that comports with the detailed standard set forth above.

7            5.      *Due Process*

8            Plaintiff alleges in the fourth count of her second amended complaint that her due process

9    rights were violated when she was denied "the established appeal process and required

10   classification reviews," which ultimately resulted in her transfer to WSP.  Dkt. 37 at 55.  Plaintiff

11   claims that the denial of access to these established processes was undertaken "in a calculated

12   and intentional manner by defendants to have her assaulted" and that she was injured in an

13   assault on September 30, 2023, as the result of defendants' actions.  *Id*.  Plaintiff asserts that

14   defendants' conduct rises to the level of a substantive due process violation.  *Id*.

15           The Due Process Clause of the Fourteenth Amendment confers both procedural and

16   substantive rights.  A § 1983 claim based on procedural due process has three elements: (1) a

17   liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the

18   government; and (3) lack of process. *Portman*, 995 F.2d at 904.  The substantive component of

19   the Due Process Clause protects individuals from the arbitrary deprivation of their liberty by

20   government.  *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845-49 (1998).  However, "only the

21   most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'"  *Id*. at

22   846 (citing *Collins v. Harker Heights*, 503 U.S. 115, 129 (1992)).  The Supreme Court has

23   identified the cognizable level of executive abuse of power as "that which shocks the

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 13

conscience." *Id*.  The Supreme Court has also made clear that "the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).  This is so even if the lack of due care resulted in serious injury.  *See id*. at 347-48.

The Court first observes that Plaintiff fails to specifically identify in the fourth count of her second amended complaint any specific defendants, which is fatal to her due process claim. The Court observes as well that though Plaintiff indicates she is asserting a violation of her substantive due process rights, she appears to simply be complaining about the lack of access to processes that affected her transfer to another DOC facility, which suggest that the claim is more appropriately construed as a procedural due process claims.

As Plaintiff was previously advised, inmates have no constitutional right to avoid being transferred to another prison, or to be housed in a particular institution.  *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).  Likewise, inmates have no constitutional right to a particular classification status.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).  Because Plaintiff has no constitutional right to be confined at any particular institution nor does she have any right to a particular classification status, she fails to adequately allege any violation of her right to procedural due process in relation to her housing assignments.

To the extent Plaintiff alleges that her transfer to WSP amounts to a violation of her substantive due process rights, she offers nothing but speculation and conjecture as to the motivations for the transfer.  Plaintiff alleges no facts demonstrating that any defendant engaged

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 14

1  in any official conduct that "shocks the conscience" and, thus, Plaintiff also fails to adequately

2  allege a violation of her substantive due process rights.

3                6.     *Joinder of Defendants*

4          The Court advised Plaintiff in its Order declining to serve her first amended complaint

5  that she would be required to pursue unrelated claims against different defendants in separate

6  actions.  As noted above, Plaintiff asserts claims in her second amended complaint against

7  employees and officials at two separate DOC facilities, MCC and WSP, and against employees

8  and officials at DOC headquarters.  And, similar to her first amended complaint, Plaintiff

9  attempts to link the various defendants together in her second amended complaint by alleging a

10  vast conspiracy on the part of MCC, WSP, and DOC officials and employees to violate her civil

11  rights.  However, Plaintiff's conspiracy claim remains tenuous at best, and her remaining claims

12  lack sufficient clarity for this Court to draw any firm conclusions about which claims may or

13  may not be sufficiently related to proceed in a single action.  It nonetheless seems unlikely that

14  Plaintiff will be able to connect the claims arising out of events that occurred at WSP to claims

15  arising out of events that occurred at MCC in a way that will not violate joinder rules.

16                7.     *Exhaustion*

17          Finally, the Court is unable to discern from Plaintiff's second amended complaint

18  whether she has exhausted any administrative remedies available to her through the DOC with

19  respect to the claims asserted in her pleading.  The PLRA provides that: "No action shall be

20  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

21  a prisoner confined in any jail, prison, or other correctional facility until such administrative

22  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is a prerequisite to

23  all prisoner lawsuits concerning prison life, whether such actions involve general conditions or

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 15

episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Incarcerated individuals must not only fully exhaust available administrative remedies, they also must exhaust those remedies in a timely manner and must abide by the administrative rules governing the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust her administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of her claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id*. at 1120. Exhaustion of administrative remedies should be decided, if feasible, before reaching the merits of a prisoner's claim. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). Thus, Plaintiff is advised that her claims will be subject to dismissal, without consideration of the merits of the claims, if she failed to exhaust her administrative remedies with regard to such claims.

## C.    Motion for Preliminary Injunctive Relief

Plaintiff submitted a motion for preliminary injunctive relief to the Court for consideration in conjunction with her second amended complaint. *See* Dkt. 38. Because Plaintiff has yet to present a viable pleading in this action, her motion for preliminary injunctive relief is premature and is therefore STRICKEN.

## IV.    CONCLUSION

For the reasons set forth above, the Court declines to direct that Plaintiff's second amended complaint be served. However, Plaintiff is granted leave to file a third amended

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 16

complaint curing the deficiencies noted above within ***thirty (30) days*** of the date on which this Order is signed.  If no third amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C § 1915A(b)(1).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended defendant, the constitutional claim(s) asserted against each defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

The Clerk is directed to send Plaintiff the appropriate form so that she may file a third amended complaint.  The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable John H. Chun.

DATED this 16th day of February, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DECLINING TO SERVE SECOND
AMENDED COMPLAINT AND GRANTING
LEAVE TO FILE THIRD AMENDED
COMPLAINT - 17