UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>              Plaintiff,<br><br>      v.<br><br>CHERYL STRANGE, *et al.*,<br><br>              Defendants. | Case No. C23-790-JHC-SKV<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

## I.     INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff is in the custody of the Washington Department of Corrections ("DOC") and is currently confined at the Clallam Bay Corrections Center.  This matter comes before the Court at the present time on Plaintiff's motion for appointment of counsel.  Dkt. 50.  The Court, having reviewed Plaintiff's motion, and the balance of the record, concludes Plaintiff's motion for appointment of counsel should be denied.  The Court explains this conclusion below.

## II.     BACKGROUND

Plaintiff initiated this action on May 24, 2023, with the submission of an application to proceed *in forma pauperis* ("IFP") and a civil rights complaint.  Dkt. 1.  Shortly thereafter, on

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

June 1, 2023, Plaintiff submitted a proposed amended complaint to the Court for review. Dkt. 4. On September 15, 2023, Plaintiff's application to proceed IFP was denied under 28 U.S.C. § 1915(g). *See* Dkts. 10, 23. Plaintiff thereafter paid the filing fee and this Court screened Plaintiff's amended complaint in accordance with 28 U.S.C. § 1915A. This screening revealed that Plaintiff had not adequately alleged a cause of action against any of the defendants named in her amended complaint. Thus, on October 18, 2023, the Court issued an Order declining to serve the amended complaint and granting Plaintiff leave to file a second amended complaint correcting a number of specified deficiencies. Dkt. 30. Plaintiff was initially directed to file her second amended complaint within 30 days, but she subsequently requested and was granted a 45-day extension of that deadline. *See id.* at 16-17; Dkts. 34, 35.

Plaintiff submitted her second amended complaint to the Court for filing on December 29, 2023. Dkt. 37. The Court once again conducted the requisite screening and once again identified deficiencies in Plaintiff's pleading that precluded the Court from directing service of the pleading on defendants. Thus, on February 16, 2024, this Court issued an Order declining to serve Plaintiff's second amended complaint and granting her leave to file a third amended complaint within 30 days. Dkt. 41. On March 8, 2024, Plaintiff filed a motion seeking a 45-day extension of the deadline to file her amended pleading, and on March 26, 2024, the Court issued an Order granting the requested extension. Dkts. 43, 44. The Court advised Plaintiff therein that no further extensions would be granted. Dkt. 44 at 2.

On April 15, 2024, Plaintiff submitted a second motion seeking an extension of time to file her third amended complaint. *See* Dkts. 45, 46. Plaintiff asserted in her motion papers that she had been sexually assaulted at the Washington State Penitentiary on April 9, 2024, and was thereafter moved into protective housing at the Clallam Bay Corrections Center. *See id*. She

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 2

further asserted that her legal papers had been "detained" by the DOC as a result of the move, and that serious injuries suffered during the assault prevented her from effectively litigating this case at that time. *See id*. Plaintiff requested an additional 60-day extension of time to file her third amended complaint. *Id*.

On April 23, 2024, the Court issued an Order granting Plaintiff's motion for additional time to file her third amended complaint. Dkt. 48. The Court explained therein that despite its prior advisement that no further extensions would be granted, a final extension was warranted given the facts alleged by Plaintiff in her motion papers. *See id*. at 2. The Court also explained that though Plaintiff had requested only an additional 60 days to file her third amended complaint, the Court would grant her an additional 90 days to submit her amended pleading. *Id*. The Court established a deadline of July 30, 2024, for Plaintiff to submit her third amended complaint and advised that this would constitute a firm and final deadline. *Id*. The Court warned that if Plaintiff did not file an amended pleading by the established deadline, it would recommend this action be dismissed for failure to prosecute. *Id*.

On May 20, 2024, the Court received from Plaintiff her currently pending motion for appointment of counsel. Dkt. 50. Plaintiff asserts therein that exceptional circumstances exist which warrant the appointment of counsel. *See id*.

### III.   DISCUSSION

#### A.   Legal Standard

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party unable to afford counsel, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th

Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the Plaintiff to articulate her claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

**B.      Analysis**

The Court first notes that though Plaintiff paid the filing fee for this action, the IFP application and trust account statement submitted at the outset of this case adequately demonstrate that she is unable to afford counsel to represent her in this matter. *See* Dkt. 5. The Court therefore turns to Plaintiff's arguments in support of her claim that exceptional circumstances warrant the appointment of counsel.

Plaintiff argues in her motion that the Court should appoint counsel in this matter because the legal issues involved are complex and she is unable to articulate them sufficiently, and because she was injured in recent weeks and does not expect to recover enough to meet the Court's current deadline for filing her third amended complaint. *See* Dkt. 50 at 2. Plaintiff also claims that housing decisions made by the DOC prevent her from conducting legal research and drafting pleadings. *Id*. at 3. In particular, Plaintiff asserts that in her current housing unit "she does not have the ability to possess several necessary reference materials and an array of documentation necessary to draft a viable pleading in this action." *Id*. Finally, Plaintiff asserts that defendants have engaged in unlawful acts to prevent her from filing her claims in this Court, including contracting a prison gang to assault her because of her previous litigation efforts. *Id*. at 3-4.

None of the arguments raised by Plaintiff reveals any exceptional circumstances warranting appointment of counsel at this stage of the proceedings. At this juncture, the only thing required of Plaintiff is that she draft and submit a proposed third amended complaint.

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 4

Plaintiff has been afforded ample time to do so and her submissions to date suggest that she is capable of doing so without assistance. As to her concern regarding lack access to research and reference materials, Plaintiff fails to identify with specificity the materials she deems necessary to draft an amended pleading. Moreover, the Court, in its prior Orders, has provided Plaintiff with the standards applicable to the claims it appears she is attempting to assert in this action and, thus, her inability to access extraneous materials should not be an impediment to her taking the necessary next steps in this action.

With respect to the complexity of this action, the Court is not persuaded that this action is as complex as Plaintiff has made it appear in her prior proposed pleadings. Plaintiff should be able to clarify and simplify her claims if she follows the guidance provided by the Court in its Orders declining to serve her prior pleadings and this, in turn, should make it easier for her to litigate this action. Finally, as to whether Plaintiff is likely to succeed on the merits of her claims, this question cannot be answered based on the current record. Plaintiff must first submit a pleading containing viable claims for relief before any analysis with respect to this issue can be undertaken. Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that her case involves exceptional circumstances which warrant the appointment of counsel.

//
//
//
//
//
//

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 5

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for appointment of counsel (Dkt. 50) is DENIED. The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable John H. Chun.

DATED this 17th day of June, 2024.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 6